

Lowell & Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: (202) 964-6110
Fax: (202) 964-6116

Caleb Hayes-Deats
chayes-deats@lowellandassociates.com

May 20, 2026

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:    *Islamic Relief USA v. Islamic Relief Worldwide*, No. 1:26-cv-2367 (PAE)

Dear Judge Engelmayer:

We represent Defendant Islamic Relief Worldwide ("IRW") in the above-captioned lawsuit. We write to request that the Court modify the Scheduling Order entered on April 24, 2026, ECF 15, to provide that (1) IRW's motion to compel arbitration of the claims in Plaintiff's Amended Complaint will be due on June 4, 2026, the current deadline for responding to the Amended Complaint; and (2) any motion to dismiss the claims in the Amended Complaint will, if necessary, be due 14 days after the Court issues its decision resolving the motion to compel arbitration.

IRW makes this request to conserve the parties' resources and the Court's by postponing motion to dismiss briefing that may be mooted by the motion to compel arbitration. IRW has already extensively briefed a motion to dismiss eleven claims, ECF 13 at 17-25, only to have Plaintiff withdraw eight of those claims, revise three others, and assert a new claim under the Lanham Act, ECF 16 at 32-36. IRW should not have to incur the expense of moving to dismiss a second time when it reasonably believes that Plaintiff has defied contractual provisions requiring submission of these claims to an arbitral forum. As this motion to dismiss will be mooted if the Court compels arbitration, bifurcating the parties' briefing schedule promotes judicial efficiency and prevents prejudice to IRW.

Plaintiff's original complaint attached and asserted breach of two agreements, a Members' Agreement and Licensing Agreement. Both agreements provided that any "dispute or difference between the Parties arising out of or related to this Agreement . . . shall be determined by arbitration" in the United Kingdom. ECF 1-1 at 11, § 8.2; ECF 1-2 at 7, § 1.28. The Second Circuit has described similar language as the "paradigm of a broad clause." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995). After IRW filed its motion to compel arbitration and dismiss, ECF 13, Plaintiff amended, ECF 16. The Amended Complaint withdraws Plaintiff's claims that IRW breached the Members' and License Agreements and asserts that it relies entirely on conduct that occurred after Plaintiff suspended the Members' Agreement, although it continues to characterize the Members' Agreement as "relevant" to its claims. *Id.* ¶ 53.

L&A

The Amended Complaint transparently seeks to evade Plaintiff's commitment to arbitrate. That attempt is doomed to fail. Whether or not Plaintiff asserts claims that "arise under" the Members' and License Agreements, the claims still "relate to" those Agreements and fall within the scope of their broad arbitration clauses. ECF 1-1 at 11, § 8.2; ECF 1-2 at 7, § 1.28. Plaintiff admits that the Members' Agreement remains "relevant" to its claims. ECF 16 ¶ 53. It would be hard not to. The Members' Agreement set the foundation for the parties' entire relationship. The Court must consider the Members' Agreement to understand the purported effect of Plaintiff's suspension of that Agreement. *Id.* Moreover, Plaintiff continues to rely on allegations that IRW solicited charitable donations in New York, ECF 16 ¶¶ 71-90, the same conduct it previously asserted breached the License Agreement, ECF 1 ¶¶ 119, 123. The Court cannot adjudicate Plaintiff's claim that IRW "abus[ed] similarities in names in order to confuse donors," ECF 16 ¶ 102, or Plaintiff's Lanham Act claim, *id.* ¶¶ 106-111, without considering the License Agreement in which IRW licensed its own registered trademarks—including Plaintiff's name— to Plaintiff, ECF 16 at 22-24.

IRW previously sought a one-week extension of the deadline for its original motion to compel and dismiss, which the Court granted. If the Court declines to enter the amended scheduling order described above, IRW alternatively requests a one-week extension of its deadline to file its combined motion to compel arbitration and dismiss, changing the deadline from June 4, 2026, to June 11, 2026. IRW makes this alternative request because its decisionmakers will have limited availability during the coming weeks due to a religious holiday.

IRW has conferred with Plaintiff regarding this request. Plaintiff does not consent to the request to modify the Scheduling Order and states that the "Court has set a motion schedule, and we see no reason to change it." Plaintiff consents to IRW's alternative request for a one-week extension of the deadline to file a combined motion to compel arbitration and dismiss.

We thank Your Honor for considering this request. We have attached a Proposed Order setting forth revised dates in accordance with the Court's Individual Rules and Practices.

Sincerely,

Caleb Hayes-Deats
Partner, Lowell & Associates, PLLC

cc:   Arthur D. Middlemiss
      Marc F. Scholl
      Lewis Baach Kaufmann Middlemiss PLLC